IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARTIS HIGHSMITH                                                                                     PLAINTIFF

vs.                                             Civil No. 1:12-cv-01001

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Artis Highsmith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff protectively filed an application for SSI on November 18, 2008.  (Tr. 14, 110).  Plaintiff alleged he was disabled due to acid reflux, heart attack, and back pain.  (Tr. 140).  Plaintiff alleged an onset date of November 1, 2008.  (Tr. 110).  This application was denied initially and again upon reconsideration.  (Tr. 51-58).  Thereafter, Plaintiff requested an administrative hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

on his application and this hearing request was granted. (Tr. 59).

Plaintiff's administrative hearing was held on April 19, 2010, in El Dorado, Arkansas. (Tr. 24-48). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE"), Dr. Watts, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was twenty-nine (29) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 27, 29).

On September 14, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 14-20). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 18, 2008. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had the severe impairment of back pain. (Tr. 16, Finding 2). However, the ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform medium work, however he is limited to superficial contact with co-workers, supervisors and the general public. Plaintiff was able to meet, greet, and give simple directions, however, he is unable to perform work as a cashier and is limited to performing unskilled tasks requiring memory. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 5). The ALJ determined Plaintiff was able to perform his PRW as a hand packager. *Id.* The ALJ then determined

Plaintiff had not been under a disability, as defined by the Act, at anytime through the date of his decision. (Tr. 20, Finding 6).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On December 21, 2011, the Appeals Council adopted the ALJ's decision regarding issues and facts of the case and findings regarding disability, but disagreed with the ALJ's finding that Plaintiff was capable of performing his PRW as a hand packager because there was no testimony or evidence regarding the length of time Plaintiff performed this job. (Tr. 4-6). However, the Appeals Council relied on VE testimony from the administrative hearing to find other jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 6, Finding 6). As a result, the Appeals Council found Plaintiff was not disabled at any time through September 14, 2010, the date of the ALJ's decision. (Tr. 6, Finding 7). On January 1, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 30, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7, 8. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 7, Pg. 5-13.  Specifically, Plaintiff claims the ALJ erred based upon an insufficient hypothetical and analyses through his use of  Medical-Vocational Guidelines, ("Grids").  *Id.*  In response, the Defendant argues neither the ALJ nor the Appeals council erred in any of their  findings.  ECF No. 8.

As previously discussed, the Appeals Council disagreed with the ALJ's finding that Plaintiff was capable of performing his PRW as a hand packager because there was no testimony or evidence regarding the length of time Plaintiff performed the job.  (Tr. 4-6).  However, the Appeals Council relied on VE testimony from the administrative hearing to find that other jobs existed in significant numbers in the national economy that Plaintiff could perform.  (Tr. 6, Finding 6).  As a result, the Appeals Council found Plaintiff was not disabled.  (Tr. 6, Finding 7).

Initially, Plaintiff alleges the Appeals Council inconsistently found Plaintiff could not perform his PRW as a hand packager, which is medium work, and also found he could perform medium work, with some mental reduction. ECF No. 7, Pg. 12.  However, this was not the finding of the Appeal Council.  The Appeals Council found there was no information regarding the length of time Plaintiff had performed his past work as a hand packager, and there was no evidence to support the requirements of this job being past relevant work under the regulations.  See 20 C.F.R.

5

§ 416.965(a). The Appeals Council did not find Plaintiff's RFC prevented him from performing his PRW.

At the administrative hearing, the VE was asked to assume a hypothetical claimant with the same vocational profile and RFC as Plaintiff. (Tr. 43). In response to the ALJ's hypothetical question, the VE responded that the hypothetical individual would be able to work as a hand packager, an unskilled medium level job with 777,000 jobs available nationally and 5,000 jobs in Arkansas; as a floor worker, an unskilled light level job, with 499,000 jobs available nationally and 2,000 in Arkansas; and as a marker of retailer goods, an unskilled light level job, with 1,000,000 jobs available nationally and 1,200 in Arkansas. (Tr. 44-45).

Plaintiff also argues the ALJ erred by applying the Grids in reaching a decision on Plaintiff being not disabled. ECF No. 7, Pg. 7. If the ALJ properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the ALJ may rely exclusively upon the Grids, and is not required to hear the testimony from a VE. However, the ALJ may not apply Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003).

However, as set out above, in this matter, the Appeals Council relied on VE testimony to find other jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 4). The Appeals Council used the Grids only as a framework to guide its decision. (Tr. 6, Finding 6). The ALJ may use the Grids as a framework when a claimant has significant non-exertional and exertional impairments. 20 C.F.R. § 416.969a(d). Therefore, Plaintiff's allegation that the Appeals Council committed reversible error because it used the Grids is without merit because Appeals Council did not rely on the Grids in a making a decision on Plaintiff being not disabled.

**4. Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **4th day of March 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE